UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANN PROPP-ESTIMO,

    Plaintiff,

v.

LEWIS COUNTY, et al.,

    Defendants.

CASE NO. C17-5559 BHS

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff Jann Propp-Estimo's ("Propp-Estimo") motion for temporary restraining order (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 13, 2017, Propp-Estimo filed a complaint against Defendants Lewis County, Lewis County Animal Shelter, Lewis County Sheriff's Office, Gabriel Frase, and Amy Hanson ("Defendants"). Dkt. 1-1. Propp-Estimo asserts seven causes of action stemming from the seizure and judicially ordered euthanasia of her dog Hank. *Id*. Unbeknownst to Propp-Estimo, Hank was previously named Tank and had been declared

a dangerous animal while in the possession of his previous owner.  Although Propp-Estimo adopted Hank "as-is" from the animal shelter, no one informed Propp-Estimo of Hank's history.  On May 9, 2017, Detective Frase contacted Propp-Estimo regarding Hank.  Dkt. 7, Declaration of PES, ¶ 24.  Detective Frase eventually seized Hank at Propp-Estimo's son's home later that afternoon.  *Id*. ¶ 28.

On June 19, 2017, Lewis County adopted § 6.05.155 entitled "Judicial removal of dangerous animal designation."  The provision applies "retrospectively to all animals which have been designated as dangerous animals and which are in the possession of Lewis County's animal shelter on the date of its enactment."  Lewis County Code, § 6.05.155(8).  The provision also grants the judicial officer the power to declare an animal a "dangerous animal" and order "that it be humanely destroyed."  *Id*.

The same day the county adopted the ordinance, Lewis County District Judge R.W. Buzzard held a hearing regarding Hank.  Judge Buzzard declared Hank a dangerous animal and ordered that he be humanely destroyed within 48 hours.  Dkt. 8 at 90–91.  Propp-Estimo immediately appealed the ruling to the Lewis County Superior Court, and Superior Court Judge James Lawler stayed the euthanasia until August 31, 2017.  Dkt. 6 at 7.  A hearing on the appeal is set for August 24, 2017.  *Id*. at 8.

On July 20, 2017, Defendants removed the complaint to this Court.  Dkt. 1.  On August 1, 2017, Propp-Estimo filed the motion for a temporary restraining order.  Dkt. 6.  On August 2, 2017, Defendants responded.  Dkt. 10.

## II. DISCUSSION

A plaintiff seeking preliminary relief must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

In this case, Propp-Estimo has failed to show that she is likely to succeed on the merits or that an injunction is in the public interest. First, Propp-Estimo argues that she is likely to succeed on merits of her claims for specific performance, equitable estoppel, and violation of her Fourth Amendment rights. Specific performance is a possible remedy for breach of contract and not a separate cause of action. To the extent Propp-Estimo alleges a breach of contract, she has failed to show a likelihood of success on the merits of this claim when she adopted Hank "as-is." Similarly, the principles of equitable estoppel do not clearly fit the facts of this case. While it seems inexplicable to adopt out a dangerous animal only to seize the animal three months later and order it to be humanely destroyed, Propp-Estimo fails to show that she is likely to succeed on a claim that the animal shelter's alleged misrepresentations by omissions vitiate the fact that Hank has been declared a dangerous animal. Regarding the Fourth Amendment violation, Propp-Estimo has failed to show a likelihood of success on the merits when she, or her son, voluntarily delivered Hank to the officers. Therefore, the Court concludes that PES has failed to show a likelihood of success on the merits of any claim in her motion.

Second, Propp-Estimo has failed to show that her requested injunction is in the public interest. Propp-Estimo requests an order "compelling the County to immediately

release Hank to her custody at no charge and with no restrictions except those attendant upon any nondangerous dog subject to the general laws." Dkt. 6 at 22. Two independent government officials have declared Hank a dangerous animal. Even though Propp-Estimo provides facts in support of her contention that he is not a dangerous animal, the public has an interest in treating Hank as a dangerous animal until those findings are properly overturned. The Court notes that Defendants concede they are willing to release Hank to Propp-Estimo if she "agreed to maintain him under the dangerous dog restrictions required by law." Dkt. 10 at 3. Regardless, the Court concludes that Propp-Estimo has failed to show that an immediate injunction is in the public interest.

## III. ORDER

Therefore, it is hereby **ORDERED** that Propp-Estimo's motion for temporary restraining order (Dkt. 6) is **DENIED**.

Dated this 7th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge