UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANN PROPP-ESTIMO,<br><br>      Plaintiff,<br><br> v.<br><br>LEWIS COUNTY, et al.,<br><br>      Defendants. | CASE NO. C17-5559 BHS<br><br>ORDER REQUESTING ADDITIONAL BRIEFING |

This matter comes before the Court on Plaintiff Jann Propp-Estimo's motion for temporary restraining order (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests additional briefing for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On July 13, 2017, Propp-Estimo filed a complaint against Defendants Lewis County, Lewis County Animal Shelter, Lewis County Sheriff's Office, Gabriel Frase, and Amy Hanson ("Defendants"). Dkt. 1-1. Propp-Estimo asserts seven causes of action stemming from the seizure and judicially ordered euthanasia of her dog Hank. *Id*. Unbeknownst to Propp-Estimo, Hank was previously named Tank and had been declared a dangerous animal while in the possession of his previous owner. Although Propp-Estimo adopted Hank "as-is" from the animal shelter, no one informed Propp-Estimo of Hank's history. On May 9, 2017, Detective Frase contacted Propp-Estimo regarding

Hank. Dkt. 7, Declaration of PES, ¶ 24. Detective Frase eventually seized Hank at Propp-Estimo's son's home later that afternoon. *Id*. ¶ 28.

On June 19, 2017, Lewis County adopted § 6.05.155 entitled "Judicial removal of dangerous animal designation." The provision applies "retrospectively to all animals which have been designated as dangerous animals and which are in the possession of Lewis County's animal shelter on the date of its enactment." Lewis County Code, § 6.05.155(8). The provision also grants the judicial officer the power to declare an animal a "dangerous animal" and order "that it be humanely destroyed." *Id.*

The same day the county adopted the ordinance, Lewis County District Judge R.W. Buzzard held a hearing regarding Hank. Judge Buzzard declared Hank a dangerous animal and ordered that he be humanely destroyed within 48 hours. Dkt. 8 at 90–91. Propp-Estimo immediately appealed the ruling to the Lewis County Superior Court, and Superior Court Judge James Lawler stayed the euthanasia until August 31, 2017. Dkt. 6 at 7.

On July 20, 2017, Defendants removed the complaint to this Court. Dkt. 1. On August 1, 2017, Propp-Estimo filed a motion for a temporary restraining order. Dkt. 6. On August 2, 2017, Defendants responded. Dkt. 10. On August 7, 2017, the Court denied the motion concluding that Propp-Estimo had "failed to show that she is likely to succeed on the merits or that an injunction is in the public interest." Dkt. 14.

On August 14, 2017, Propp-Estimo filed a revised motion for a preliminary injunction. Dkt. 17. On September 5, 2017, Defendants responded. Dkt. 18. On September 8, 2017, Propp-Estimo replied. Dkt. 19.

In her reply, Propp-Estimo asserts that the superior court refused to enter the parties' stipulation to release Hank and dismiss the appeal and, instead, issued an oral ruling affirming Judge Buzzard's order that Hank be euthanized. *Id*.

## II. DISCUSSION

The unique procedural posture of this matter and the state court proceeding raise numerous questions regarding this Court's jurisdiction and power to grant relief. First, it is unclear whether the state proceeding is final or still ongoing. If it is final, then Propp-Estimo may be barred from relitigating either the entire dispute or some claims in federal court. *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003) ("if the federal plaintiff and the adverse party have already litigated the state court suit to judgment, the federal plaintiff may be precluded from relitigating that dispute under the interjurisdictional preclusion rule of 28 U.S.C. § 1738."). Although Defendants argue that the *Rooker–Feldman* doctrine bars Propp-Estimo's federal suit, Propp-Estimo asserts some claims for damages that do not appear to be "inextricably intertwined" with the state court declaratory judgment or disposition of property action. *See id*. at 1158–61. Therefore, the Court requests additional briefing on the finality of the state court action and application of relevant precedent precluding this Court's involvement in matters that may have been reduced to final judgment.

Second, if the state court matter is not final and is an ongoing proceeding, then the Court should most likely abstain from considering some of Propp-Estimo's claims. It seems undisputed that the state court action involves the disposition of Propp-Estimo's dog, which, for legal purposes, is considered property. If concurrent proceedings involve

claims regarding the disposition of property, then "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 818 (1976). "The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding." *Sexton v. NDEX W., LLC*, 713 F.3d 533, 537 (9th Cir. 2013). "[W]hen 'one court is exercising *in rem* jurisdiction over a res, a second court will not assume *in rem* jurisdiction over the same res.'" *Id.* (quoting *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011)). Applying this doctrine to the current facts, it appears that the Court may not assert jurisdiction over Propp-Estimo's property. The Court requests additional briefing on this issue as well.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the parties may submit simultaneous additional responses no later than September 29, 2017, and simultaneous additional replies no later than October 6, 2017, and the Clerk shall renote Propp-Estimo's motion for consideration on the Court's October 6, 2017 calendar.

Dated this 20th day of September, 2017.

BENJAMIN H. SETTLE
United States District Judge